Beth E. Levine, Esq.
Andrew W. Caine, Esq. (*pro hac vice* admission pending)
Jason S. Pomerantz, Esq. (*pro hac vice* admission pending)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:  blevine@pszjlaw.com
         acaine@pszjlaw.com
         jspomerantz@pszjlaw.com

*Counsel to Plaintiff Runway Liquidation, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.,*[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 17-10466 (SCC)<br><br>(Jointly Administered) |
| RUNWAY LIQUIDATION, LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>THE HYMAN COMPANIES, INC. d/b/a WESTIN ST. FRANCIS HOTEL,<br><br>                    Defendant. | Adv. Proc. No. _____ |

**COMPLAINT FOR AVOIDANCE AND RECOVERY**
**OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

Plaintiff, Runway Liquidation, LLC (the "Plaintiff"), for its *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* against The Hyman Companies, Inc. d/b/a Westin St. Francis Hotel (the "Defendant"), alleges as follows:

### Nature of the Action

1.      The Plaintiff brings this action against the Defendant to avoid and recover certain preferential transfers that occurred during the 90-day period prior to commencement of the bankruptcy cases of the above-captioned debtors (the "Debtors").

### The Parties

2.      Pursuant to Article IV, Section D of the *Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* filed July 21, 2017 (the "Plan") [Docket #564], Plaintiff has the authority to prosecute avoidance actions.

3.      Upon information and belief, the Defendant is a corporation formed under the laws of the State of Delaware that maintains its principal place of business at 727 North Meadow Street, Allentown, Pennsylvania.

### Jurisdiction and Venue

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 363(b), 1103(c) and 1107(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019(a).

5.      This adversary proceeding is commenced pursuant to Rule 7001(1) of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and sections 547 and 550 of

the Bankruptcy Code.

<b><u>Case Background</u></b>

6.      On February 28, 2017 (the "<u>Petition Date</u>"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On July 26, 2017, the

Court entered the Confirmation Order confirming the Plan and on July 31, 2017, the Effective

Date of the Plan (as that term is defined in the Plan) occurred.  *See Notice of (1) Entry of Order*

*Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings,*

*LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and*

*(II) Occurrence of Effective Date* [Docket No. 601].

7.      Pursuant to the Plan, the Debtors (now known as the Post-Effective Date

Debtors) continue in existence after the Effective Date of the Plan (as that term is defined in the

Plan) for purposes of, among other things, winding down the Debtors' businesses and affairs and

prosecuting Causes of Action (as that term is defined in the Plan).

<b><u>Facts</u></b>

8.      BCBG—an acronym for the French phrase "bon chic, bon genre,"

meaning "good style, good attitude"—was founded by Max Azria in Los Angeles, California in

1989. Over the course of the next three decades, BCBG grew to well over 550 retail stores across

the United States, Canada, Europe and Japan, becoming a well-known and respected name in

high-end women's apparel and accessories.

9.      Prior to the Petition Date, Debtor BCBG Max Azria Group, LLC

("<u>BCBG</u>") made certain payments to Defendant for goods and/or services provided to the

Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on <u>Exhibit A</u> attached hereto.

10.     During the ninety days prior to the Petition Date, BCBG made payments to or for the benefit of the Defendant, including those identified on <u>Exhibit A</u> attached hereto (collectively, the "<u>Transfers</u>").  <u>Exhibit A</u> sets forth the details of each of the Transfers, including payment date and payment amount.  The aggregate amount of the Transfers is not less than $170,624.95.

11.     Although it is possible that some of the Transfers may be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).

## **FIRST CLAIM FOR RELIEF**

### **(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

12.     The Plaintiff repeats and realleges the allegations in paragraphs 1 through 11, above, as though fully set forth at length.

13.     Within the ninety days prior to the Petition Date, Debtor BCBG made the Transfers to Defendant in the total amount of $170,624.95, as more specifically described in <u>Exhibit A</u>.

14.     Each of the Transfers to the Defendant was a transfer of property of the Debtors.

15.     Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

16.    The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

17.    Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

18.    Each of the Transfers was made while Debtor BCBG was insolvent. BCBG is presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

19.    Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the Transfers had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

20.    As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

21.    The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## SECOND CLAIM FOR RELIEF

### (Recovery of Property—11 U.S.C. § 550)

22.    The Plaintiff repeats and realleges the allegations in paragraphs 1 through 21, above, as though fully set forth at length.

23.      Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547, Plaintiff may recover, for the benefit of the estates, the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for which such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

24.      The Defendant is either (a) the initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

25.      Subject to the Defendant's potential defenses, Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a).

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.      For a determination that each of the Transfers is avoidable as a preferential transfer under section 547 of the Bankruptcy Code, and that Plaintiff is entitled to recover the aggregate value of the Transfers in the total amount of $170,624.95 under section 550 of the Bankruptcy Code;

2.      For costs of suit incurred herein, including, without limitation, attorneys' fees;

3.      For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

4.      For such other and further relief as the Court may deem just and proper.

Dated:   February 26, 2019
         New York, NY

                                        */s/ Beth E. Levine*
                                        Beth E. Levine, Esq.
                                        Andrew W. Caine, Esq. (*pro hac vice* admission pending)
                                        Jason S. Pomerantz, Esq. (*pro hac vice* admission pending)
                                        PACHULSKI STANG ZIEHL & JONES LLP
                                        780 Third Avenue, 34th Floor
                                        New York, New York 10017
                                        Telephone: (212) 561-7700
                                        Facsimile:  (212) 561-7777
                                        Email:  blevine@pszjlaw.com
                                                acaine@pszjlaw.com
                                                jspomerantz@pszjlaw.com

                                        *Counsel to Plaintiff Runway Liquidation, LLC*

Payment within 90 Days
Petition Date:  2/28/2017

In re Runway Liquidation Holdings, LLC, et al., Debtors
USBC, Southern District of New York, Case No. 17-10466 (SCC)

| Payee | Payment Date | Payment Amount |
|---|---|---|
| | | |
| | | |
| THE HYMAN COMPANIES, INC. d/b/a WESTIN ST FRANCIS HOTEL | 12/2/16 | $170,624.95 |

**EXHIBIT A**